UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY A. PALUMBO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. ATLEE BURPEE & CO.,<br><br>　　　　　Defendant*. | No. 2:13-cv-02057-GEB-DAD<br><br>**STATUS (PRETRIAL SCHEDULING) ORDER** |

　　　　The status (pretrial scheduling) conference scheduled for hearing on January 21, 2014, is vacated since the parties' Joint Status Report filed on January 3, 2014 ("JSR") indicates the following Order should issue.

　　　　　　　　DISMISSAL OF DOE DEFENDANTS

　　　　Plaintiff states in the JSR: "At this time[,] Plaintiff does not foresee the joining of any 'Doe' to this action, however, upon continuance of discovery in this matter, Plaintiff will identify any 'Doe' defendant(s) by January 8, 2014." (JSR 2:4-8.) Since Plaintiff has not identified any Doe defendant by the referenced deadline, Does 1-50 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed October 4,

---

\*　　The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

2013, at 2 n.2 (indicating that if justification for "Doe" defendant allegations not provided Doe defendants would be dismissed).

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

### DISCOVERY

All discovery shall be completed by February 24, 2015. "Completed" means all discovery shall be conducted so that any dispute relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with on or before the prescribed "completion" date.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before October 20, 2014, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before November 24, 2014.

### MOTION HEARING SCHEDULE

The last hearing date for a motion is April 27, 2015, commencing at 9:00 a.m. A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.

### FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for June 29, 2015,

1  at 1:30 p.m. The parties are cautioned that the lead attorney who
2  WILL TRY THE CASE for each party shall attend the final pretrial
3  conference. In addition, all persons representing themselves and
4  appearing in propria persona must attend the pretrial conference.
5        The parties shall file a JOINT pretrial statement no
6  later than seven (7) calendar days prior to the final pretrial
7  conference. The joint pretrial statement shall address the
8  applicable portions of Local Rule 281(b), and shall set forth
9  each theory of liability ("claim") and affirmative defense which
10 remains to be tried, and the ultimate facts on which each
11 theory/defense is based. Furthermore, each party shall estimate
12 the length of trial. The Court uses the parties' joint pretrial
13 statement to prepare its final pretrial order and could issue the
14 final pretrial order without holding the scheduled final pretrial
15 conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir.
16 1999) ("There is no requirement that the court hold a pretrial
17 conference.").
18       Final pretrial procedures are "critical for 'promoting
19 efficiency and conserving judicial resources by identifying the
20 real issues prior to trial, thereby saving time and expense for
21 everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc.,
22 606 F.3d 494 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16 Advisory
23 Committee Note (1983 Amendment to subdivision (c)). "Toward that
24 end, Rule 16 directs courts to use pretrial conferences to weed
25 out unmeritorious claims and defenses before trial begins." Smith
26 v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir. 1993). The parties
27 are therefore provided notice that a claim or affirmative defense
28 may be dismissed *sua sponte* if it is not shown to be triable in

the joint final pretrial statement. Cf. Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir. 1981) (indicating that a party shall be provided notice and an opportunity to respond with facts sufficient to justify having a claim or affirmative defense proceed to trial); Portsmouth Square, Inc. v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985) (stating "the district court has . . . authority to grant summary judgment *sua sponte* in the context of a final pretrial conference").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on September 29, 2015.

IT IS SO ORDERED.

Dated: January 15, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge